IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE BROWN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN KERESTES, et al. | : | NO. 12-3750 |

ORDER

AND NOW, this 6th day of February, 2013, upon consideration of petitioner Maurice Brown's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which is dated June 25, 2012 and was filed on July 3, 2012 (docket entry # 1), our September 19, 2012 Order referring this matter to the Honorable David R. Strawbridge for a report and recommendation (docket entry # 4), defendants' November 2, 2012 response (docket entry # 7), Judge Strawbridge's December 28, 2012 report and recommendation ("R&R") (docket entry # 11), and Brown's January 30, 2013 objections to that report and recommendation (docket entry # 14), and the Court finding that:

(a) Brown's petition raises four grounds for relief: (1) Ground One is a claim of ineffective assistance of trial counsel for failure to object to portions of the prosecutor's opening statement and closing argument because the prosecutor allegedly referred to facts not in evidence; (2) Ground Two is a

claim of ineffective assistance of appellate counsel in failing to raise the trial court's alleged error "in allowing [the] DA to testify to friendship with Petitioner and codefendant" despite an objection raised by trial counsel, Pet. at 10; (3) Ground Three is a claim of ineffective assistance of Post-Conviction Relief Act ("PCRA") counsel[1]; and (4) Ground Four is a second claim of ineffective assistance of trial counsel because Brown allegedly discovered on September 1, 2006 that the Commonwealth had offered Brown a plea deal on May 13, 1999 which he claims trial counsel never conveyed to him but which he says he would have accepted, Pet. at 13-14;

    (b) Judge Strawbridge found that "all of the claims Brown presents are untimely, precluding habeas review", R&R at 5;

    (c) He found that Brown was convicted on February 22, 2000 and sentenced on June 23, 2000, R&R at 2, that Brown appealed this conviction unsuccessfully, and that on November 7, 2002, the Pennsylvania Supreme Court denied his petition for discretionary review, id. at 2-3, 6;

---

[1] Because ineffective assistance of PCRA counsel is expressly excluded from § 2254 as a substantive basis for habeas relief, see 28 U.S.C. § 2254(i), Judge Strawbridge found that this claim was barred regardless of its timeliness. R&R at 9.

(d) Judge Strawbridge observed that Brown filed an initial petition pursuant to Pennsylvania's PCRA on June 3, 2003, that the PCRA court dismissed the petition, and that the Pennsylvania Supreme Court denied review on November 7, 2002, id. at 3-4;

(e) Based on the Pennsylvania Supreme Court's denial of Brown's petition for review on direct appeal, Judge Strawbridge found that Brown had until February 5, 2003 to petition for certiorari in the United States Supreme Court, id. at 6, and that because he did not do so, his conviction became final on February 6, 2003, id., which started the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year limitations period on filing an application for a writ of habeas corpus, see 28 U.S.C. § 2244(d)(1)(A);

(f) Judge Strawbridge also noted, however, that § 2244(d)(2) provides that the limitations period is tolled during the time in which "a properly filed application for state post-conviction and other collateral review with respect to the pertinent judgment or claim is pending";

(g) Because Brown submitted his initial PCRA petition on June 3, 2003, the limitations period, which had 248 days

3

remaining, was tolled, and it began to run again on August 18, 2006, when the Pennsylvania Supreme Court denied review of the Superior Court's affirmance of the PCRA court's dismissal, see R&R at 11, 4;

(h) Thus, the latest day on which Brown could have filed a petition for a writ of habeas corpus was April 23, 2007, id. at 11;

(i) The reasoning Brown offers for his objection to the conclusion that his claims are time-barred is that §§ 2244(d)(1)(C) and (D) should have provided new start dates for the limitations period;

(j) Brown does not offer any other basis to object to Judge Strawbridge's reasoning regarding the operation of §§ 2244(d)(1)(A) and (d)(2), and so we will adopt Judge Strawbridge's reasoning with regard to these provisions;

(k) Brown raises three specific objections[2], and we are to "make a de novo determination of those portions of the report

---

[2] Local Rule 72.1 IV(b) provides that "[a]ny party may object to a magistrate judge's proposed findings, recommendations or report under 28 U.S.C. 636(b)(1)(B) . . . within fourteen days after being served with a copy thereof" by filing "written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection

4

or specified proposed findings or recommendations to which" petitioner objects, see 28 U.S.C. § 636;

(l) In paragraph 2, Brown objects to Judge Strawbridge's conclusion that 28 U.S.C. § 2244(d)(1)(C) does not render Brown's petition timely;

(m) § 2244(d)(1)(C) provides that the one-year limitations period for filing a petition for a writ of habeas corpus runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review";

(n) Judge Strawbridge found that § 2244(d)(1)(C) did not affect the date on which the limitations period began to run here;

(o) He reasoned that subsection (d)(1)(C) is "concerned with newly-recognized constitutional rights that the Supreme

---

is made and the basis for such objections". Brown here received an extension of time to file his objections, see our January 14, 2013 Order, and so his objections were timely filed. Though he numbers his objections 1-10, objection 1 is a general objection to Judge Strawbridge's conclusion, and objections 4-9 rely on the reasoning in objections 2 and 3. We thus consider objections 2, 3, and 10, as they are the only ones which specifically identify the basis for the objection.

Court has made retroactively applicable to cases on collateral review", and Martinez v. Ryan, 132 S. Ct. 1309 (2012) and Lafler v. Cooper, 132 S. Ct. 1376 (2012), on which Brown relied, do not recognize new constitutional rights, see R&R at 7 (citing another report and recommendation approved and adopted by this Court for the proposition that "Because Martinez did not purport to describe a constitutional right, let alone make it retroactively applicable, the alternate start date under Section 2244(d)(1)(C) cannot apply to render this Petition timely filed", Coleman v. Sauers, Civ. A. No. 12-2725, 2012 WL 4206287, *3 n.7 (E.D. Pa. July 26, 2012) (Report and Recommendation of Perkin, M.J.), approved and adopted Sept. 19, 2012); R&R at 8 n.7 ("Lafler . . . did not purport to announce a new constitutional right");

(p) In his objections, Brown essentially re-states his argument, with the additional claim that Missouri v. Frye, 132 S. Ct. 1399 (2012) involves a newly recognized right made retroactively applicable to cases on collateral review, Pet. Opp. ¶ 2[3];

---

[3] Local Rule 72.1 IV(c) provides that "[a]ll issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's

(q) We find that neither Martinez nor Lafler nor Frye created a new constitutional rule made retroactively applicable, as subsection (d)(1)(C) requires;

(r) Though our Court of Appeals has not ruled on the question of whether Frye and Lafler recognize new constitutional rights, we find the reasoning of the Seventh Circuit persuasive on this point:

> Frye . . . did not announce a new rule of constitutional law. The Frye Court merely applied the Sixth Amendment right to effective assistance of counsel according to the test first articulated in Strickland v. Washington, 466 U.S. 668 (1984), and established in the plea-bargaining context in Hill v. Lockhart, 474 U.S. 52 (1985) . . . . Neither Frye nor its companion case, Lafler v. Cooper, 132 S. Ct. 1376 (2012), directly addressed the old rule/new rule question, but the Court's language repeatedly and clearly spoke of applying an established rule to the present facts. More important, the Court's actions show that it was applying an old rule that the state courts had misapplied. Frye and Cooper were both decided in the state post-conviction

---

Report and Recommendation if they could have been presented to the magistrate judge". Frye was decided on March 21, 2012, and so Brown could have raised this argument in his initial habeas petition or in another filing prior to the report and recommendation. But because the analysis that governs our treatment of Martinez and Lafler also applies to Frye, and in order to make our reasoning as clear as possible for the benefit of Brown, who proceeds pro se, we will address Frye here.

7

> context, where state courts ordinarily are
> not held to proper application of <u>new</u> rules.

<u>Hare v. U.S.</u>, 688 F.3d 878, 879 (7th Cir. 2012) (emphasis in original); see also, e.g., <u>Buenrostro v. United States</u>, 697 F.3d 1137, 1140 (9th Cir. 2012) ("neither <u>Frye</u> nor <u>Lafler</u> . . . decided a new rule of constitutional law"); <u>In re King</u>, 697 F.3d 1189, 1189 (5th Cir. 2012) ("we agree with the Eleventh Circuit's determination . . . that <u>Cooper</u> and <u>Frye</u> do not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context") (citing <u>In re Perez</u>, 682 F.3d 930, 933-34 (11th Cir. 2012));

(s) The Supreme Court also did not purport to recognize a new constitutional right in <u>Martinez</u>, and our Court of Appeals has not found that it did so;

(t) We therefore find that Brown's reliance on <u>Martinez</u>, <u>Frye</u>, and <u>Lafler</u> is misplaced, as these cases do not involve newly-acquired constitutional rights under § 2244(d)(1)(C) and thus they do not change the date on which the limitations period began to run;

(u) We turn to Brown's second objection, that his petition was timely under § 2244(d)(1)(D);

(v) § 2244(d)(1)(D) allows for the limitations period to begin on "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence", even if that is later than the date on which the judgment became final;

(w) Judge Strawbridge rejected Brown's argument that § 2244(d)(1)(D) applied to Brown's claims;

(x) Brown pointed to two facts he argued were newly discovered: (1) the failure of trial counsel to object to portions of the prosecutor's opening statement and closing argument at trial because the prosecutor allegedly referred to facts not in evidence, and (2) the failure of appellate counsel to raise on direct appeal the trial court's alleged error "in allowing [the] DA to testify to friendship with Petitioner and codefendant" despite trial counsel's objection, R&R at 9;

(y) Judge Strawbridge found that these factual predicates were known to Brown at the time of trial and direct appeal, respectively, id., and Judge Strawbridge bolstered this conclusion with his observation that Brown raised the claim regarding appellate counsel's error during his initial PCRA review in 2003, id.;

9

(z) Judge Strawbridge rejected Brown's contention that Martinez somehow related to the argument regarding newly discovered facts, id.;

(aa) Brown objects to the conclusion that Martinez is not pertinent, and he seems to argue that under Martinez his claims of ineffective assistance of trial counsel and appellate counsel are not procedurally defaulted because of the ineffectiveness of his PCRA counsel, Pet. Obj. ¶ 3;

(bb) But this argument does not address the question of whether Brown's claims regarding procedural default are timely[4];

(cc) Judge Strawbridge did not reach the issue of whether Brown had procedurally defaulted his claims because he found that the limitations period for Grounds One and Two began to run on August 18, 2006, R&R at 11, and for Ground Four on September 1, 2006, R&R at 10, and § 2244(d)(1)(D) did not apply because Brown knew of the factual predicates of all claims by September 1, 2006, R&R at 9, 11;

---

[4] Martinez is also inapposite here because Brown in fact raised one of the claims on which he relies - ineffective assistance of appellate counsel - during his PCRA proceeding.

(dd) The third objection Brown raises and for which he offers support relates to equitable tolling;

(ee) Brown's petition and his reply to defendants' response did not mention equitable tolling, but Judge Strawbridge nevertheless addressed whether it might render Brown's claims timely;

(ff) Judge Strawbridge explained that the Supreme Court has found tolling of the AEDPA limitations period appropriate where a petitioner "has been pursuing his rights diligently" but could not timely file because "some extraordinary circumstance stood in his way", R&R at 12 (quoting Holland v. Florida, 130 S. Ct. 2549, 2563 (2010));

(gg) Finding that petitioner "ha[d] been given an opportunity to state any case for the application of equitable tolling but ha[d] not done so", R&R at 12, Judge Strawbridge found no basis for such tolling;

(hh) In his objections, Brown argues that Judge Strawbridge was stingy in reading his petition as not including a request for equitable tolling: "Petitioner was entitled to a generous construction of his pleadings because the petition was

11

filed pro se and it is entitled to a liberal construction to raise the strongest arguments presented", Pet. Ob. ¶ 10;

(ii) Though of course we must construe pro se filings liberally, see, e.g., Higgs v. Att'y Gen. of the U.S., 855 F.3d 333, 339 (3d Cir. 2011)[5]; Estelle v. Gamble, 429 U.S. 97, 106 (1976), we are not to invent arguments they do not raise;

(jj) In his objections, Brown seems to raise two bases for equitable tolling: first, he argues that "[t]he 2244 habeas raised enough red flags for this court to conclude that appointed counsel in the initial PCRA proceeding dropped the ball", Pet. Obj. ¶ 10;

(kk) This general statement does not begin to supply a basis on which we could conclude that "some extraordinary circumstance" prevented Brown from filing a federal habeas petition, particularly where the AEDPA statute of limitations was tolled during the initial PCRA proceeding and Brown could have timely filed after the conclusion of the PCRA proceedings;

---

[5] But see our Court of Appeals's recent enunciation of limiting principles on this liberality in Mala v. Crown Bay Marina, --F.3d--, No. 10-4710, 2013 WL 57895, at *5 (3d Cir. Jan. 7, 2013).

(ll) Brown next argues that his "second PCRA, which included this claim, was filed on the right form, in the right court, on or about 10/30/06", and because "it was not clear that AEDPA's limitations period would expire during the exhaustion of state remedies, AEDPA's limitations period should be tolled so that the writ may be preserved";

(mm) Brown filed his second PCRA petition on October 30, 2006, see Commonwealth v. Brown, No. 2182 EDA 2007 (Pa. Super. Ct. July 8, 2008) [Resp. Ex. C] at 2;

(nn) The Superior Court found that the second petition was untimely, and it rejected Brown's argument that evidence of a policy in the Philadelphia District Attorney's Office of excluding African-Americans from juries was "newly discovered", id. at 4-6, such that the petition could be reviewed though it was filed late;

(oo) The Superior Court also found that the second PCRA petition was not saved from untimely filing by a showing of governmental interference, id. at 6;

(pp) As Judge Strawbridge observed, Brown's second PCRA petition was thus not "properly filed" and did not warrant statutory tolling under AEDPA, R&R at 11;

13

(qq) Brown's argument for equitable tolling based on the pendency of the second PCRA petition is particularly unavailing because the Superior Court disposed of that petition on July 8, 2008, and Brown did not file his federal habeas petition until, at the earliest, June of 2012;

(rr) Brown does not offer any other extraordinary circumstance warranting equitable tolling, and we find none;

(ss) Finally, Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit provides that "at the time a final order denying a habeas petition . . . is issued, the district court judge will make a determination as to whether a certificate of appealability should issue";

(tt) Such a certificate should issue only if the petitioner demonstrates that "reasonable jurists could debate" whether the petition states a valid claim for the denial of a constitutional right, Slack v. McDaniel, 529 U.S. 473, 484 (2000), and because the claims here were dismissed on procedural grounds, Brown bears the additional burden of showing that reasonable jurists would also debate whether the procedural ruling was correct, id.; and

(uu) We do not believe that reasonable jurists could debate the conclusion that Brown's petition was not timely filed, and so we decline to issue a certificate of appealability;

It is hereby ORDERED that:

1.   Petitioner's objections (docket entry # 14) are OVERRULED;

2.   Judge Strawbridge's December 28, 2012 report and recommendation (docket entry # 11) is APPROVED and ADOPTED;

3.   For the reasons stated in (tt) above, we DECLINE to issue a certificate of appealability; and

4.   The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:


/s/ Stewart Dalzell